# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 20, 2010 Session

## JEREMY TRENT KEETON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**Nos. 14146, 14147, 14486, 14198      Robert Holloway, Judge**

---

**No. M2009-01206-CCA-R3-PC - Filed September 20, 2010**

---

The petitioner, Jeremy Trent Keeton, appeals the denial of his petition for post-conviction relief. He originally agreed to plead guilty to the sale of a Schedule II drug (methamphetamine), a Class C felony, and aggravated assault, a Class C felony, and was sentenced to twelve years, to be served concurrently with each other but consecutive to two other cases for a total effective sentence of thirty-nine years. On appeal, he argues that the post-conviction court erred in ruling that he had failed to demonstrate that trial counsel was ineffective and in ruling that his guilty plea was entered voluntarily. After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

William M. Harris, Lawrenceburg, Tennessee, for the appellant, Jeremy Trent Keeton.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Michel T. Bottoms, District Attorney General; and Doug Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner had previously been convicted of voluntary manslaughter in case number 14049, for which he was sentenced to fifteen years as a Range III, persistent offender, and of Class B felony manufacturing marijuana in case number 14050, for which he received a twelve-year sentence as a Range I offender, with those sentences running consecutively to each other for a total effective sentence of twenty-seven years. He proceeded to trial on the underlying charges and, during a lunch recess on the first day of

trial, reached an agreement to enter the guilty pleas that are the subject of this appeal. The guilty plea transcript does not contain the typical recitation of facts to support the convictions because the trial was already underway. The transcript does include a recitation of the facts supporting the indictments.

The indictment states that the petitioner sold more than .5 grams of methamphetamine to a confidential informant. The State entered an audiotape of the transaction, which was recorded by use of a listening device placed on the confidential informant. The aggravated assault charge was scheduled to be part of a different trial.

During the post-conviction relief hearing, trial counsel testified that he had practiced law since 1977. He testified that the petitioner agreed to enter a guilty plea following the presentation of the State's first two witnesses. Counsel discussed the agreement with the petitioner, and the petitioner read the plea agreement. Counsel said he believed that the petitioner understood what he was doing.

Counsel testified that he filed a motion to request discovery prior to trial and received an audio recording of a confidential informant performing a drug buy. The petitioner was incarcerated, and counsel was unable to play the recording for him. Counsel made no special arrangements for the petitioner to hear the recording prior to trial. Counsel reviewed the recording and discussed it with the petitioner. Counsel testified that he did not move to suppress the recording because he believed the trial court would have determined that the probative value of the audiotape outweighed the prejudicial effect against his client. Counsel did object to the recording and asked for portions of it to be redacted. At trial, counsel acknowledged that he received the recording at least two weeks prior to trial but did not file a motion. The State responded that there was no time to redact the recording because the second witness would testify before they took a break. The trial court denied the petitioner's objection.

Counsel acknowledged that he probably should have filed a written motion to suppress the entire recording. If he had filed a motion, it would have been on the basis that the prejudicial effect outweighed any probative value. He testified that he believed he could raise the issue of the recording's admissibility at trial. Counsel said that it was possible that the outcome would have been different if the recording were suppressed because the State's confidential informant lacked credibility. The informant used drugs during the drug buy which, in counsel's opinion, reflected poorly on the informant's credibility.

The audio recording was played during the post-conviction hearing. Counsel noted when he would have asked for the recording to be redacted. He said he would have redacted everything after a specific point, which would have included the portion of the recording

where the informant smoked crack cocaine. The petitioner discussed a lot of unrelated criminal activity on the recording. Counsel testified that he assumed he discussed the plea agreement again with the petitioner during lunch recess. After hearing the audio, the petitioner decided to accept the plea agreement. Counsel believed that if convicted by a jury, the petitioner would have received maximum sentences.

Counsel did not recall the specific details of the discussion of his plea agreement with the petitioner but stated that his general practice was to look over the agreement and then discuss it with his client. He always asked a client to read over their rights and ask any questions they might have. Afterward, he would discuss the charges, the offer, the range of punishment, and whether any charges would be dismissed. Finally, before asking him to sign the plea agreement form, counsel would ask the client if he had any questions.

Counsel denied telling the petitioner that the State would dismiss the charge of sale of methamphetamine if he agreed to the plea offer. He said the petitioner understood the plea to the aggravated assault charge and understood what the State would have to prove for conviction.

The petitioner testified that counsel had represented him on previous charges of murder and possession of marijuana. Counsel approached him with a plea offer and said that the State would drop the methamphetamine charges if he took the offer on the marijuana and murder cases. He acknowledged that he was facing numerous criminal charges at the time. The petitioner also alleged that after the trial court ruled that the recording was admissible, counsel again urged him to accept the plea. He testified that counsel did not know how to argue the case with the audio recording. The petitioner said that he understood he would receive more time for a methamphetamine conviction than all of his other convictions combined. He understood that he would get more time if he did not take the plea and was convicted by a jury.

The petitioner stated that he should have read the plea agreement more thoroughly. He understood the deal to be two concurrent sentences of twelve years, with one to be served at thirty-five percent and one to be served at forty-five percent. He did not understand that the Board of Parole would view it as two different sentences. Counsel told him he could file a petition for post-conviction relief and explained the process to him. The petitioner said that he understood post-conviction to be as if he had never entered a guilty plea.

The post-conviction court denied relief and found that the petitioner entered a knowing and voluntary guilty plea based on the plea agreement form and the plea colloquy. The post-conviction court did not accredit the petitioner's allegations. The post-conviction court also found that counsel's failure to file a motion to suppress because he thought the

motion would be denied was not ineffective. The post-conviction court listened to the audio recording and determined that there were no grounds to suppress the recording.

The court stated that even if certain statements on the recording were redacted, they were minuscule when compared to the overall evidence against the petitioner and found that counsel's representation did not rise to the level of ineffective assistance.

Analysis

The petitioner raises two issues on appeal. The State raises an additional issue and contends that the notice of appeal was untimely, pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure. Here, the post-conviction court entered judgment on March 26, 2009. An amended order was entered on May 4, 2009, for the purpose of correcting only the certificate of service. Post-conviction counsel did not receive notice of the order until after the May 4, 2009, amended order was entered. The petitioner filed his notice of appeal on June 1, 2009. This court has previously concluded that the interest of justice may warrant a waiver of the time to file the notice of appeal. *See State v. Nelson Vega Plana*, No. M2008-00717-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 513, at *16 (Tenn. Crim. App. June 22, 2009). Here, as in *Plana*, because post-conviction counsel was not notified of the denial of post-conviction relief until after the time limit had expired and he caused a notice of appeal to be filed within thirty days of that order, we conclude that the interest of justice supports a waiver of the timeliness requirement.

First, the petitioner argues that counsel was ineffective for failing to file a motion to suppress or redact the audio recording of the drug transaction. This court reviews a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) that deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. *Goad*, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys

in criminal cases. *Baxter*, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *State v. Honeycutt*, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002) (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997); *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner argued that trial counsel was ineffective for failing to file a motion to suppress or redact the audio recording. The post-conviction court held that even if counsel had raised a motion to suppress or redact, it quite possibly would have allowed the State to introduce the audio recording in its entirety. The post-conviction court found that there were no grounds to suppress the audio recording. The petitioner has not met his burden of proof because he has not demonstrated on appeal any ground to suppress the recording. The petitioner must demonstrate that counsel erred and that he would not have entered his guilty plea but for that error. Here, he has not demonstrated that counsel erred. The post-conviction court stated that even if counsel had filed a motion to suppress or redact the recording, the court would only have redacted a small portion of the recording but not the statements about the sale of the drugs. The post-conviction court found that it was "unlikely that any meaningful portion of the CD would have been redacted if the motion to redact had been made pre-trial."

The petitioner has failed to demonstrate that he was prejudiced by counsel's representation and, therefore, is not entitled to relief on this issue.

Next, the petitioner argues that his guilty plea was not knowing and voluntary. In *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985), the Supreme Court applied the two-part *Strickland* standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in *Hill* modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial.  474 U.S. at 59, 106 S. Ct. at 370; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

The post-conviction court held that the petitioner knew he was pleading to a twelve-year sentence to be served at forty-five percent for the aggravated assault conviction and to a twelve-year sentence to be served at thirty-five percent for the sale of methamphetamine. The record reflects that on several occasions in the transcript of the guilty plea, the petitioner agreed that he understood the sentences.  In determining whether a petitioner's guilty plea was knowing and voluntary, the court must look at the totality of the circumstances.  *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995).  To pass constitutional muster, a guilty plea must be made voluntarily, understandingly, and knowingly.  *Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998) (citing *Boykin*, 395 U.S. 238, 244 (1969).  To determine the voluntariness and intelligence behind a guilty plea, the court must look to various circumstantial factors, including: the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.  *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

The post-conviction court properly concluded that the petitioner knowingly and voluntarily entered a guilty plea to aggravated assault and the sale of methamphetamine. The court did not accredit the petitioner's allegation that he did not understand that his sentence for aggravated assault would be served at forty-five percent or that he was going to have two sentences for two convictions.  The notes to the plea agreement form note that the petitioner would receive a twelve-year sentence for aggravated assault to be served at forty-five percent and a twelve-year sentence for the sale of methamphetamine to be served at thirty-five percent.  The court found that the petitioner was told several times at the guilty plea hearing that he would be serving forty-five percent of the sentence for aggravated assault.  The post-conviction court concluded that the plea was not entered involuntarily and unknowingly, and the record on appeal supports these findings.

The petitioner also argues that the post-conviction court failed to make the required findings of fact and law from *Blankenship* in its order denying post-conviction relief.  The petitioner contends that the post-conviction court must make findings on the defendant's relative intelligence, his familiarity with criminal proceedings, whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives, the advice of counsel and the court about the charges against him and the penalty to be imposed, and the defendant's reasons for pleading guilty.  The *Blankenship* court did not hold that a post-conviction court was required to make these findings in its written order; instead, the

Tennessee Supreme Court was discussing which circumstances federal courts must consider to determine if a defendant entered a knowing and voluntary plea. Tennessee Code Annotated section 40-30-111(b) governs a court's final written order and directs that the court shall enter a final order that sets forth all grounds presented and states the findings of fact and conclusions of law with regard to each ground. The post-conviction court complied with the requirements of the statute and issued a lengthy, detailed order denying the petition for post-conviction relief. The petitioner is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE